(115 App. Div. 288)

BERG v. MEAD et al.

(Supreme Court, Appellate Division, First Department. November 5, 1906.)

JOINT ADVENTURES—ACCOUNTING.

Several persons agreed to purchase, develop, and sell real estate, title to which was to be held by some of them as trustees, the agreement to continue for a specified time. Subsequently, it was agreed that one of the trustees should have active charge of the management and development of the property, and of making sales thereof. Such trustee thereafter secured money from the parties to the agreement, proceeded with the development of the property, and from time to time made sales thereof, receiving the proceeds therefrom. *Held*, to establish a joint adventure as between the parties to the agreement, requiring the court, after the expiration of the term during which the agreement was to continue, to direct a general accounting of all transactions between the parties to the agreement, so that in one proceeding there could be a final accounting between the parties interested.

[Ed. Note.—For cases in point, see vol. 29, Cent. Dig. Joint Adventures, § 7; vol. 1, Cent. Dig. Account, §§ 10, 11.]

Appeal from Special Term, New York County.

Action by Charles I. Berg against Whitman S. Mead and another, as committee of Augustus T. Gillender and others. From an interlocutory judgment for an accounting entered on decision at special term, Whitman S. Mead and another, as committee, appeal. Modified and affirmed.

Argued before PATTERSON, INGRAHAM, LAUGHLIN, CLARKE, and HOUGHTON, JJ.

Origen S. Seymour, for appellants.

Howard Hasbrouck, for respondent Berg.

Ezekiel Fixman, for respondents Hindley & Kukuck.

INGRAHAM, J. On July 1, 1891, Augustus T. Gillender and five others, parties to this action, entered into an agreement for the purchase, development, and sale of certain real property; the parties to the agreement to be interested in the following proportions: The defendant Augustus T. Gillender, $12/20$ thereof, the plaintiff, Charles I. Berg, $2/20$, the defendant Napoleon B. Kukuck, $2/20$, the defendant Nathan F. Barrett, $2/20$, the defendant Adolphus H. Stoiber, $1/20$, and the defendant John H. Hindley, $1/20$. The agreement recites that for convenience the property had been taken in the name of the defendant Augustus T. Gillender, the plaintiff, Charles I. Berg, and the defendant Hindley, as joint tenants; they being designated by the term "trustees." The agreement then provided that the premises were to be held by the trustees in trust not longer than the 1st day of July, 1895, except that said period may be increased or diminished by a further agreement. The agreement then provided that these trustees should have power to call for contributions by those interested in a sum not exceeding $25,000; the proceeds thereof to be divided among the associates according to their proportionate interests in the property. Provision was made in the agreement for the method, by which the consent of the parties to the instrument should be obtained when necessary, or by which the agreement could be modified.

The complaint alleges that, after the execution and delivery of said contract, and the conveyance of the property to the trustees, it was agreed among the parties to the contract that the defendant Gillender should have active charge of the management and development of the said property, and of making sales thereof; that there was thereafter paid to Gillender, in accordance with the terms of the contract, the sum of $25,000, as therein provided, and also various other sums to be expended for the purposes set forth in the agreement; that Gillender proceeded with the development and improvement of said property, and from time to time various sums of money were expended by him for said purposes; that sales of certain portions thereof were made by Gillender at different times, and the moneys and other proceeds resulting from such sales were also received by him. The complaint then sets forth certain sales made by Gillender, and the receipt of the consideration therefor by him; that two of the associates, Barrett and Stoiber, subsequently assigned, transferred, and released all their rights and interests to the defendant Gillender; that, for a short period after the execution of said agreement, the said Gillender rendered to the plaintiff at irregular intervals statements or accounts of his transactions under the terms of said agreement; that said statements were incomplete and fragmentary, and no statements or accounts of money received or expended by Gillender had been received by the plaintiff; and that, on the 16th day of June, 1905, the defendants Mead and Fliess were duly appointed committee of all the property of said Gillender. It is not alleged that Gillender had been adjudged incompetent, but I suppose that could be fairly inferred from the complaint.

The defendants, other than Gillender's committee, answered the complaint, admitting the allegations, and joining in the demand for an accounting. The committee of Gillender admitted the execution of the agreement, the conveyance of the property to the trustees, and admitted that Gillender made certain conveyances of a portion of the property set forth in the complaint. The judgment demanded by the plaintiff is that the relations existing between the plaintiff and the defendants under and by virtue of this agreement be dissolved and terminated, and that an account to be taken of all transactions and dealing had under such contract; that such property as may remain undisposed of under said agreement be sold, and the proceeds thereof distributed among the parties to the agreement as they may be entitled thereto, and for other relief. The case coming on for trial, the court found these facts in accordance with the allegations of the complaint, and judgment was entered, adjudging that the relations between the parties be terminated and dissolved, and directing the committee of Gillender to account, and appointing a referee to take and state the accounts.

I think this agreement established that there was a joint adventure as between the parties to the contract in relation to this real property, the title to which was taken and held by the trustees in trust for the parties to the agreement; and that at the time during which the agreement was to continue by its terms, has long since expired, the plaintiff was entitled to an adjudication that the partnership or adventure be dissolved, and that the trustees account in this action. The form of

the interlocutory judgment is, I think, improper, as it should direct a general accounting of all transactions between the parties to the agreement, so that in one proceeding there could be a final accounting and winding up of the affairs of the joint adventure. Upon such an accounting the trustees would be required to submit an account of the proceedings, and the judgment could direct that each trustee should account for the money or property that had come into his hands, or for which he was responsible, and there could thus be a final settlement of the accounts, and a judgment in favor of and against each party to the action according to their respective rights as they developed before the referee. This, I understood, was acquiesced in by all the parties who appeared on the argument.

It follows that this judgment should be modified, by containing a provision for a general accounting as hereinbefore indicated; and, as modified, the judgment should be affirmed, with costs to the parties who appeared on this appeal, payable out of any money that may subsequently be realized upon the final settlement of the accounts. All concur.